IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, Individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) NO. CIV-24-0653-HE ) |
| LAKESIDE WOMEN'S HOSPITAL, LLC d/b/a LAKESIDE WOMEN'S HOSPITAL, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Jane Doe filed this putative class action in Oklahoma state court, asserting various state law claims against defendant Lakeside Women's Hospital, LLC ("Lakeside").[1] The claims are based on allegations that Lakeside installed certain "trackers" or tracking technologies on its website which sent personal or protected health information about site users to Facebook, Google, and other third parties.

Lakeside removed the case to this court on the basis of the federal officer removal statute, 28 U.S.C. § 1442, contending that its actions were undertaken to cooperate with or promote the objectives of the federal Meaningful Use Program.[2] Plaintiff contends the federal officer removal statute does not apply and has moved to remand the case to state court. Shortly after the filing of the remand motion, Lakeside moved to stay proceedings

---

[1] *Jane Doe is alleged to be a current patient of Lakeside.*

[2] *Broadly speaking, the program was directed to promoting patients' online access to their health care records. Lakeside indicates the program is now known as the Promoting Interoperability Program.*

in this case to await the Tenth Circuit Court of Appeals' determination of the appeal in a related case, *John Doe v. Integris Health, Inc.*, Case No. 23-6209. Plaintiff objects to a stay.

The *Integris* case is substantially parallel to the circumstances present here. It was filed in state court and removed to this court. *See* Case No. CIV-23-0728-HE. As here, the removal was based on the claimed applicability of the federal officer removal statute. Integris contended that its actions were consistent with and contributed to the federal objectives promoted by the Meaningful Use Program. This court concluded, however, that the federal officer removal statute did not apply and remanded the case to state court. Order, November 16, 2023 [Doc. #25 in CIV-23-0728-HE]. Here, the issues and arguments as to the claimed basis for application of the federal officer removal statute are the same as those considered in *Integris*, and there is nothing here which persuasively suggests a basis for a different result. Indeed, the submissions indicate that Lakeside is part of the Integris network, presumably employing the same or similar actions as were at issue in *Integris*. Moreover, the appellate authority on the point generated since this court's order in *Integris* is broadly consistent with it. *See* Mohr v. Trustees of Univ. of Pa., 93 F.4th 100 (3d Cir. 2024); Martin v. LCMC Health Holdings, Inc., 101 F.4th 410 (5th Cir. 2024); Doe I v. BJC Health Sys., 89 F.4th 1037 (8th Cir. 2023); and Doe v. Cedars-Sinai Health Sys., 106 F.4th 907 (9th Cir. 2024). Accordingly, the court concludes, for substantially the reasons indicated in *Integris*, that this case should be remanded to state court unless defendant can establish a persuasive basis for staying the case now.

The court concludes it has not. A request to stay a legal proceeding is an extraordinary one, which requires the requesting party to make a "strong showing of necessity." Commodity Futures Tradings Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983). Whether it has done so requires consideration of the traditional stay factors, most importantly including a strong showing of likelihood of success on the merits and whether the movant would be irreparably harmed if a stay is denied. See Nken v. Holder, 556 U.S. 418, 434 (2009). Here, neither has been shown.

With respect to the likelihood of success, this court was unpersuaded at the time of its *Integris* decision that the decision to remand was a particularly close one. That conclusion is substantially buttressed by the four appellate decisions referenced above which have since been rendered as to the federal officer removal statute. It is further buttressed by the Tenth Circuit's refusal to order a stay in the *Integris* case, on the basis that Integris failed to make a strong showing of likelihood of success or of suffering irreparable harm.

Similarly, Lakeside/Integris has not made here a substantial showing of irreparable harm. That its litigating strategy as to this case may, depending on the disposition of the pending appeal in *Integris*, result in multiple cases going forward with added complexity and expense may be true, but that possibility does not translate into "irreparable" harm as it is traditionally understood.

In any event, the court concludes Lakeside has not established a sufficient basis for a stay of proceedings in this case and that the court should proceed with its determination of the motion to remand as noted above. Lakeside's motion to stay [Doc. #10] is therefore

**DENIED**.  Plaintiff Doe's motion to remand [Doc. #8] is **GRANTED**, and this case is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma.  However, as remand orders in cases involving the federal officer removal statute are appealable, 28 U.S.C. §§ 1442, 1447(d), the transfer of this case to state court is **STAYED** for a period of thirty (30) days per Fed. R. Civ. P. 62.

The court declines to award attorneys fees in connection with these motions, given the existence of at least some authority for defendant's position and an understandable desire to proceed in this case consistent with the approach taken in *Integris*.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE